# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DARIUS BURLINSON,**

    **Plaintiff,**

v.                             **Case No. 4:18cv595-MW/CAS**

**C.O. FRANCIS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, proceeding pro se and in forma pauperis, filed an amended civil rights complaint against five Defendants. ECF No. 30. Service was ordered and carried out on two of the Defendants, Francis and Morgan, who have filed a motion to dismiss the amended complaint on September 20, 2019. ECF No. 36. Plaintiff filed a timely response. ECF No. 38.

**The Amended Complaint, ECF No. 30**

Plaintiff sues five prison officials from Jefferson Correctional Institution: Sergeant Francis, Sergeant Stalnaker, Officer Morgan, Sergeant Fead, and Officer Simmons. ECF No. 30 at 2. Plaintiff contends generally that the Defendants forced him to be housed with an inmate with whom he had a prior altercation even though Plaintiff was in protective custody

status. *Id.* at 5. More specifically, Plaintiff alleges that on December 5, 2017, Defendants Francis and Morgan came to his cell 2213 and attempted to move him to cell 1201, which housed the same inmate with whom he had the prior altercation. *Id.* Plaintiff alleges that he was taken to the other cell by Francis and Morgan but refused to enter, citing the prior altercation. Plaintiff appears to allege that the other inmate also objected to having Plaintiff in that cell.[1] *Id.* Plaintiff alleges Defendants Francis and Morgan threatened disciplinary action but did not force him into the cell, instead escorting him back to his cell 2213. They then left the wing. *Id.* No further specific allegations of actions taken by Defendants Francis and Morgan are contained in the amended complaint or the original complaint.

    Plaintiff alleges that a few minutes later, Defendant Fead, confinement supervisor, came to the wing and ordered Plaintiff to enter cell 1201 where the other inmate was located. Plaintiff alleges that when he again refused, Defendants Stalnaker and Simmons placed him in hand restraints and, fearing disciplinary actions, Plaintiff entered cell 1201 which housed the other inmate. *Id.* at 6.

---

[1] Plaintiff states that the other inmate said, "he didn't not want a protective custody inmate in his cell." ECF No. 30 at 5. Despite the double negative format, the statement seems to suggest the other inmate objected to Plaintiff being placed in his cell.

Case No. 4:18cv595-MW/CAS

Plaintiff alleges that when he entered the cell, he was immediately attacked by the other inmate with repeated punching, choking, and banging Plaintiff's head against the concrete floor.  *Id.*  Plaintiff contends that the officers who placed him in the cell failed to put the other inmate in hand restraints prior to opening the door, as is required by prison regulations, and that due to this violation, the inmate was able to attack him.  *Id.*  Plaintiff alleges that chemical agents were applied, although he does not specify by whom, and that he crawled from the cell.  *Id.* at 7.  He alleges the beating caused him to have a lacerated lip that needed stiches, swollen nose, bruised eye, and lacerations to his throat and collarbone.  *Id.* at 6.  He alleges that because the handcuffs on him were not locked, they closed too tightly and caused him nerve damage in his wrist.  *Id.*

Plaintiff alleges, without specific identification, that "the Defendants" refused to photograph his injuries as required by regulations, and that he had to place sick calls for ongoing symptoms and "physiological" emergencies.  *Id.* at 6-7.  He contends he has suffered nightmares, sleeplessness, and depression and has been prescribed medication for

these conditions. *Id.* at 7. He alleges he filed an informal grievance that was approved by the warden.² *Id.*

Based on these facts, Plaintiff alleges an Eighth Amendment violation due to the actions and deliberate indifference by Defendants Francis, Morgan, Stalnaker, Simmons, and Fead. *Id*. at 8. He also alleges a violation of Due Process by Defendants Francis, Morgan, Stalnaker, Simmons, and Fead. *Id.* He requests a declaration that his Eighth Amendment right was violated by Defendants' deliberate indifference; compensatory damages for physical and emotional injuries; and punitive damages from each Defendant. *Id.* at 9.

**Motion to Dismiss, ECF No. 36**

Defendants Francis and Morgan move to dismiss the amended complaint on several grounds. They contend that the complaint fails to state an Eighth Amendment claim against them because these Defendants were not the persons who placed Plaintiff in the cell where the injuries occurred. They contend that Plaintiff's allegations concerning their actions do not provide any facts showing deliberate indifference, which requires subjective knowledge of a risk of serious harm and disregard of the risk of

---

² The grievance and response are not described in the amended complaint and the documents are not included in the amended complaint. Defendants Francis and Morgan do not allege failure to exhaust administrative remedies.

injury on their part. Defendants Francis and Morgan contend that no facts are alleged to show they observed a constitutional violation for which they were obligated to intervene. *Id.* at 6-7. Defendants further contend that the facts alleged fail to show any causal connection between the acts of Defendants Francis and Morgan and Plaintiff's injuries in that Francis and Morgan placed Plaintiff back in his original cell after he refused to enter the cell containing the other inmate. *Id.* at 10.

Defendants also argue that the complaint fails to state a claim of constitutional violation based on violation of the Florida Administrative Code and that the claim for monetary damages should be dismissed based on Eleventh Amendment Immunity. *Id.* at 10, 2.

**Plaintiff's Response to Motion to Dismiss, ECF No. 36**

Plaintiff responds to the motion to dismiss and alleges that Defendant Francis had "authoritative rank" and therefore had the power to not house adverse inmates together, to investigate allegations that the two inmates had a prior altercation, and to contact a shift officer as Plaintiff requested. *Id.* at 3. He argues that Defendant Francis threatened him with repercussions for not going into the cell, which violates prison rules, and that by putting him back in his own cell, Defendants Francis and Morgan would know they were putting him at risk of injury. *Id.* at 4. He also

contends that Francis and Morgan conspired with co-defendants to place him in a position of risk.³  *Id.* at 7.  He states that Defendants Francis and Morgan had a "meeting of the minds" with the co-defendants, which provided Francis and Morgan with knowledge of the potential risk to Plaintiff if he was placed in the cell with the other inmate.  *Id.*

Plaintiff further contends in his response that violations of the Florida Administrative Code, although not rising to the level of deliberate indifference, are alleged to show a pattern of negligence so gross that it evolves into deliberate indifference.  *Id.* at 8.  He argues that Defendants Francis and Morgan were required to report the failure to handcuff the other inmate as a violation of the rules and failed to do so, proving they were willing co-conspirators with the co-defendants.  *Id.* at 11.  As for Eleventh Amendment immunity, Plaintiff responds that Defendants Francis and Morgan are not entitled to immunity because they were not acting in official capacity when they failed to follow procedures.  *Id.* at 2.

---

³ Plaintiff did not allege any facts in the amended complaint, ECF No. 30, or in the original complaint, ECF No. 1, to indicate that Morgan and Francis conspired with co-defendants or other persons to place him at risk or deprive him of his constitutional rights.  Regardless, where the only alleged conspirators are employees of the same governmental entity, the intracorporate conspiracy doctrine bars a conspiracy claim of violation of constitutional rights.  See <u>McAndrew v. Lockheed Martin Corp.</u>, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc) (quoted in <u>Grider v. City of Auburn</u>, 618 F.3d 1240, 1261 (11th Cir. 2010)); <u>Claudio v. Crews</u>, No. 5:13cv345-MP/EMT, 2014 WL 1758106, at *6 (N.D. Fla. May 1, 2014).

Case No. 4:18cv595-MW/CAS

**Standard of Review**

In determining if a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted the Court must determine if the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41 (1957)).  A complaint's well-pleaded facts must be accepted as true when ruling on a motion to dismiss, Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 550 U.S. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged.  Instead, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later."  Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," but "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests. *See* Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Case No. 4:18cv595-MW/CAS

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)) (alterations and quotations omitted).  "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Farmer, 511 U.S. at 833 (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834; *see also* Purcell v. Toombs Cnty., 400 F.3d 1313, 1321 (11th Cir. 2005) ("[A] prison custodian is not the guarantor of a prisoner's safety." (quotation omitted)).

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Carter v. Galloway, 352 F.3d 1346, 1349 (internal quotation marks and citation omitted); *see also* Farmer, 511 U.S. at 844.  To survive a motion to dismiss on a deliberate indifference failure-to-protect claim, a plaintiff must allege facts

which plausibly suggest (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation. Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015).

"When examining the first element—a substantial risk of serious harm—the court uses an objective standard." Caldwell, 748 F.3d at 1099 (citation omitted). The alleged condition must be "so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). There must be a "strong likelihood" of injury, "rather than a mere possibility," before an official's failure to act can constitute deliberate indifference. Brooks, 800 F.3d at 1301 (quoting Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)). The risk must be actual, rather than potential or speculative. *See* Carter, 352 F.3d at 1349-50. For example, a prisoner's exposure to the potential for a fight does not, in and of itself, constitute substantial risk of harm. Purcell, 400 F.3d at 1323 ("In the jail setting, a risk of harm to some degree always exists by the nature of its being a jail.").

The second element—deliberate indifference in the context of a failure to prevent harm—has a subjective and an objective component. *See* Caldwell, 748 F.3d at 1099. The objective component is satisfied by

evidence that the official disregarded the substantial risk by failing to act in an objectively reasonable way to alleviate the risk. *Id.* "To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737. In this context, deliberate indifference requires: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that amounts to more than mere negligence. *Id.*; *see also* Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) ("Deliberate indifference is not the same thing as negligence or carelessness."). A prison official may have subjective knowledge only if he had both knowledge of specific facts from which an inference of risk of serious harm could be drawn, and he actually drew that inference. Carter, 352 F.3d at 1349.

Actual knowledge of the substantial risk is required for one to deliberately disregard it; constructive knowledge of the risk is insufficient to establish deliberate indifference under the Eighth Amendment. Where there are multiple defendants who are alleged to have been deliberately indifferent, "[e]ach individual [d]efendant must be judged separately and on the basis of what that person knows." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). The knowledge of one defendant may not be

imputed to another.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation.  Farmer, 511 U.S. at 838.

Section 1983 "requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."  LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citation omitted).  The constitutional deprivation must, in turn, be "a legal cause of [the plaintiff's] injuries" and not merely a contributing factor.  Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982); LaMarca, 995 F.2d at 1538.

**Analysis**

Plaintiff alleges that Defendants Francis and Morgan came to his cell and instructed him to pack his property because he was being relocated to another cell.  ECF No. 30 at 5.  He alleges they escorted him to cell 1201 where Plaintiff refused to enter due to the presence of the other inmate with whom he alleged a prior altercation.[4]  Plaintiff alleges Defendants Francis and Morgan threatened him with disciplinary action, but he still refused to

---

[4] Plaintiff's handwritten amended complaint first refers to this cell as 1201 but appears later to refer to it as 2201.  See ECF No. 30 at 5 and 6.

enter. *Id.* Francis and Morgan then returned Plaintiff to his original cell and left the wing. *Id.* He alleges he was later placed in handcuffs and coerced by threats of disciplinary action by Defendants Fead, Stalnaker, and Simmons to enter cell 1201 where he was injured. *Id.* at 6.

The facts alleged by Plaintiff, taken as true, do not show that Francis or Morgan were subjectively aware of a substantial risk of serious harm when they escorted him to cell 1201 or when they returned him to his original cell. Plaintiff did not allege any facts indicating either Defendant was aware of a strong likelihood of risk of injury to Plaintiff. *See* Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir.1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference.") (internal quotation marks and citation omitted); Jacobs v. Watson, No. 3:12cv302/MCR/CJK, 2013 WL 5745686, at *3 (N.D. Fla. Oct. 23, 2013). Generalized awareness of a possibility of risk is insufficient to satisfy the subjective awareness requirements. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Plaintiff responds that Defendants Francis and Morgan could have investigated the prior altercation between Plaintiff and the other inmate and that they tried to place Plaintiff in the cell where the alleged beating occurred. ECF No. 38 at 4, 7. However, it is not enough to assert that

Defendants "could have" or "should have" known. *See* Averhart v. Warden, 590 F. App'x 873, 875 (11th Cir. 2014) (unpublished) (citing Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582-83 (11th Cir. 1995), and noting that "[a] prison official's failure to prevent inmate-on-inmate violence may constitute deliberate indifference, if the prison official knew there was a substantial risk of serious harm and then knowingly or recklessly disregarded that risk."); Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996) ("There is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not . . . .") (quoting Farmer, 511 U.S at 838). Based on these requirements, the allegations of the amended complaint fail to meet the requirements to prove deliberate indifference by Defendants Francis and Morgan and fail to state a failure-to-protect claim.[5]

Finally, the alleged facts do not show any causal connection between the conduct of Defendants Francis or Morgan and Plaintiff's ultimate entry into cell 1201 or his subsequent injuries. According to Plaintiff's allegations, Defendants Francis and Morgan did not handcuff Plaintiff and did not force him into the cell where he was injured. Rather, according to

---

[5] Additionally, to the extent Plaintiff asserts that Defendants' alleged failure to follow a DOC rule or policy imposes liability, this argument is insufficient because a violation of prison policy is not a basis for imposing liability under § 1983. Goodman v. Kimbrough, 718 F.3d 1325, 1335 (11th Cir. 2013); *see also* Taylor v. Adams, 221 F.3d 1254,1259 (11th Cir. 2000).

Plaintiff's allegations in the amended complaint, they returned him to his original cell and left the wing.  For these reasons, accepting the allegations of Plaintiff's amended complaint as true, Plaintiff fails to state a plausible claim of deliberate indifference by Defendants Francis and Morgan under the Eighth Amendment because they have no causal connection to his alleged injuries.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendants Francis and Morgan, ECF No. 36, be **GRANTED** and Plaintiff's claims against Defendants Francis and Morgan be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  It is **RECOMMENDED** that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 30, 2020.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and**

Case No. 4:18cv595-MW/CAS

recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.