## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DARIUS BURLINSON,**

    **Plaintiff,**

**v.**                              **Case No. 4:18cv595-MW/CAS**

**C.O. FRANCIS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, proceeding pro se and in forma pauperis, filed an amended civil rights complaint against five Defendants. ECF No. 30. Service was ordered and carried out on Defendant Fead, who filed a motion to dismiss the amended complaint on December 9, 2019. ECF No. 45. Plaintiff filed a timely response. ECF No. 49.

**The Amended Complaint, ECF No. 30**

Plaintiff sues five prison officials from Jefferson Correctional Institution in their official and individual capacities: Sergeant Francis, Sergeant Stalnaker, Officer Morgan, Sergeant Fead, and Officer Simmons. ECF No. 30 at 2. Plaintiff contends generally that the Defendants forced him to be housed with an inmate with whom he had a prior altercation even

though Plaintiff was in protective custody status. *Id.* at 5. More specifically, Plaintiff alleges that on December 5, 2017, Defendants Francis and Morgan came to his cell 2213 and attempted to move him to cell 1201, which housed the same inmate with whom he had the prior altercation. *Id.* Plaintiff was taken to the other cell by Francis and Morgan but refused to enter, citing the prior altercation. Defendants Francis and Morgan threatened disciplinary action but did not force him into the cell, instead escorting him back to his cell 2213. They then left the wing. *Id.*

A few minutes later, Defendant Fead, confinement supervisor, came to the wing and ordered Plaintiff to enter cell 1201 where the other inmate was located. He contends that Defendant Fead coerced the other inmate to allow Plaintiff to enter the cell and ordered Plaintiff to do so. *Id.* at 6. When he again refused, Defendants Stalnaker and Simmons placed him in hand restraints. Fearing disciplinary action, Plaintiff entered cell 1201 which housed the other inmate. *Id.* at 6.

Plaintiff alleges that when he entered the cell, he was immediately attacked by the other inmate with repeated punching, choking, and banging Plaintiff's head against the concrete floor. *Id.* Plaintiff contends that the officers who placed him in the cell failed to put the other inmate in hand restraints prior to opening the door, as is required by prison regulations,

and that due to this violation, the inmate was able to attack him.  *Id.*
Plaintiff alleges that chemical agents were applied, although he does not
specify by whom, and he crawled from the cell.  *Id.* at 7.  He alleges the
beating caused him to have a lacerated lip that needed stiches, swollen
nose, bruised eye, and lacerations to his throat and collarbone.  *Id.* at 6.
He alleges that because the handcuffs on him were not locked, they closed
too tightly and caused nerve damage in his wrist.  *Id.*

Plaintiff alleges, without specific identification, that "the Defendants"
refused to photograph his injuries as required by regulations, and that he
had to place sick calls for ongoing symptoms and "physiological"
emergencies.  *Id.* at 6-7.  He contends he has suffered nightmares,
sleeplessness, and depression and has been prescribed medication for
these conditions.  *Id.* at 7.  He alleges he filed an informal grievance that
was approved by the warden.[1]  *Id.*

Based on these facts, Plaintiff alleges an Eighth Amendment violation
due to the actions and deliberate indifference by Defendants Francis,
Stalnaker, Simmons, Morgan, and Fead.  *Id.* at 8.  He also alleges a
violation of Due Process by Defendants Francis, Stalnaker, Simmons,

---

[1] The grievance and response are not described in the original or amended
complaint and the documents are not included in the complaint.  Defendant Fead does
not allege failure to exhaust administrative remedies.

Morgan, and Fead. *Id.* He requests a declaration that his Eighth Amendment right was violated by Defendants' deliberate indifference; compensatory damages for physical and emotional injuries; and punitive damages from each Defendant. *Id.* at 9.

**Motion to Dismiss, ECF No. 45**

Defendant Fead moves to dismiss the claims against him on several grounds. ECF No. 45. He asserts Eleventh Amendment Immunity and moves to dismiss the claims for monetary damages against him to the extent that Plaintiff sues him in his official capacity. *Id.* at 2. He also moves to dismiss any separate claim brought under the Fourteenth Amendment on the ground that Plaintiff also brings an Eighth Amendment claim, which is pursuant to a specific constitutional amendment. To the extent that Plaintiff brings a due process claim in relation to his right to be assigned a specific cell or housed in a specific manner, Defendant Fead moves to dismiss the due process claim on the ground that Plaintiff's alleged restricted custody status or classification did not give rise to a constitutional claim for which relief may be granted. *Id.* at 4. Finally, Defendant Fead contends that Plaintiff fails to state a cognizable claim based on violation of provisions of the Florida Administrative Code. *Id.*

**Plaintiff's Response to Motion to Dismiss, ECF No. 49**

Plaintiff responds that Defendant Fead did not physically place him in the cell where Plaintiff was injured but that "several violations of the special housing unit's procedure, of which he [Fead] was the Supervisor, did ultimately lead to Plaintiff's attack." ECF No. 49 at 1. He also argues that Defendant Fead conspired with "unnamed Defendants," resulting in his injury. *Id.* Plaintiff responds that Defendant Fead is not entitled to Eleventh Amendment immunity in this case because he failed to follow procedures and, thus, was not acting within the scope of his official capacity. *Id.* at 2.

Plaintiff interprets the motion to dismiss as moving to dismiss a claim for relief under the Eighth Amendment. *Id.* However, Defendant Fead did not move to dismiss Plaintiff's Eighth Amendment claim, but merely pointed out that the Fourteenth Amendment need not be invoked because it is commonly understood that Federal claims against the state are brought through the Fourteenth Amendment.

Concerning alleged violations of the Florida Administrative Code, Plaintiff responds that Defendant Fead's attempt to place Plaintiff, an inmate in protective management status, in a cell with a general population inmate is a form of "callous indifference" to his safety that raises the violation to constitutional violation. *Id.* at 5. He further alleges that failure

to follow the required procedures in attempting to place him in the cell with his former adversary displayed "negligence so gross that it evolves into recklessness which can be interpreted as deliberate indifference."  *Id.* at 6.

**Legal Standard**

Whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted requires the Court to determine if the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  A

complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)). However, the requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or

legal conclusions masquerading as facts will not prevent dismissal." <u>Davila</u> <u>v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). <u>Iqbal</u>, 556 U.S. at 679. The first consideration is whether the complaint presents "well-pleaded factual allegations," which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions," which "are not entitled to the assumption of truth." *Id.* If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.* at 680 (citations omitted).

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." <u>Caldwell v.</u> <u>Warden, FCI Talladega</u>, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)) (alterations and quotations omitted). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." <u>Farmer</u>, 511 U.S. at 833 (citation omitted).

However, not "every injury suffered by one prisoner at the hands of another

. . . translates into constitutional liability for prison officials responsible for

the victim's safety."  *Id.* at 834; *see also* Purcell v. Toombs Cnty., 400 F.3d

1313, 1321 (11th Cir. 2005) ("[A] prison custodian is not the guarantor of a

prisoner's safety." (quotation omitted)).

A prison official violates the Eighth Amendment "when a substantial

risk of serious harm, of which the official is subjectively aware, exists and

the official does not respond reasonably to the risk."  Carter v. Galloway,

352 F.3d 1346, 1349 (11th Cir. 2003) (internal quotation marks and citation

omitted); *see also* Farmer, 511 U.S. at 844.  To survive a motion to dismiss

on a deliberate indifference failure-to-protect claim, a plaintiff must allege

facts which plausibly suggest (1) a substantial risk of serious harm; (2) the

defendant's deliberate indifference to that risk; and (3) a causal connection

between the defendant's conduct and the Eighth Amendment violation.

Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015).

Actual knowledge of the substantial risk is required for one to

deliberately disregard it; constructive knowledge of the risk is insufficient to

establish deliberate indifference under the Eighth Amendment.  Where

there are multiple defendants who are alleged to have been deliberately

indifferent, "[e]ach individual Defendant must be judged separately and on

the basis of what that person knows." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). The knowledge of one defendant may not be imputed to another. Further, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. Farmer, 511 U.S. at 838.

Section 1983 "requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citation omitted). The constitutional deprivation must, in turn, be "a legal cause of [the plaintiff's] injuries" and not merely a contributing factor. Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982); LaMarca, 995 F.2d at 1538.

**Analysis**

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); see also Kentucky v. Graham, 473 U.S. 159, 169 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a

damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." *Id*.; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

There are three exceptions to Eleventh Amendment immunity. The first two exceptions are through waivers of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986). Waiver by either the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 635 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996). Congress did not abrogate a state's immunity when it enacted § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974); Odebrecht Const., Inc., 715 F.3d at 1289. Nor has Florida waived its immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

A third exception is found under Ex parte Young, 209 U.S. 123 (1908). The Ex parte Young exception holds that a state official who enforces state law which conflicts with the superior authority of the federal

Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Id.* at 159-60. *See also* Virginia Office for Protection and Advocacy v. Stewart, 563 U.S. 247, 254 (2011). Determining whether this exception applies requires determining "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 255 (citations omitted).

Neither Congress nor the State of Florida has waived sovereign immunity for monetary damages in a § 1983 action under the circumstances presented here. Plaintiff does not allege an ongoing violation of federal law or seek prospective relief. Accordingly, the three exceptions to Eleventh Amendment immunity do not apply and the claims for monetary damages against Defendant Fead in his official capacity should be dismissed pursuant to Eleventh Amendment immunity.

To the extent that Plaintiff attempts to make a separate claim against Defendant Fead under the Fourteenth Amendment, the claim should be dismissed. The Supreme Court has explained, "With only a handful of exceptions, this Court has held that the Fourteenth Amendment's Due Process Clause incorporates the protections contained in the Bill of Rights, rendering them applicable to the States." Timbs v. Indiana, 139 S. Ct. 682,

687 (2019) (internal quotation marks omitted)).  The Fourteenth

Amendment therefore makes the Eighth Amendment applicable to the

states.  Thus, a freestanding Fourteenth Amendment claim adds nothing to

Plaintiff's Eighth Amendment claim of deliberate indifference and

dismissing it does not detract from the surviving claim.  Dismissal of the

Fourteenth Amendment claim does not detract from any duty-to-protect

claim under the Eighth Amendment.  Further, no facts have been alleged

showing Plaintiff was deprived of life, liberty, or property without due

process and no facts have been alleged showing a violation of equal

protection.  For all these reasons, Plaintiff's claims against Defendant Fead

based specifically on the Fourteenth Amendment should be dismissed.

To the extent that Plaintiff bases his due process claim on the failure

to comply with the Florida Administrative Code, that claim is insufficient.

Failure to follow procedures does not, alone, rise to the level of deliberate

indifference.  Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000)

("[F]ailure to follow procedures does not, by itself, rise to the level of

deliberate indifference because doing so is at most a form of negligence.").

*See also* Bowen v. Warden Baldwin State Prison, 826 F.3d 1313, 1323

n.27 (11th Cir. 2016); Goodman v. Kimbrough, 718 F.3d 1325, 1332-34

(11th Cir. 2013).  Thus, failure to follow rules regarding handcuffing inmates

or housing protective custody inmates does not give rise to a separate constitutional claim under 42 U.S.C. § 1983.  Because Plaintiff fails to state a cognizable claim for a constitutional violation based on failure to follow administrative procedures, those claims should be dismissed.

Plaintiff's response contends that Defendant Fead conspired with "unnamed defendants" resulting in injury to Plaintiff.  ECF No. 49 at 1. Plaintiff did not allege in the amended complaint, ECF No. 30, or in the original complaint, ECF No. 1, that Defendant Fead conspired with any other persons to place him at risk or deprive him of his constitutional rights. Regardless, to the extent that Plaintiff seeks to bring a conspiracy claim against Defendant Fead for conspiring with other defendants, such claim is due to be dismissed.  Where the only alleged conspirators are employees of the same governmental entity, the intracorporate conspiracy doctrine bars a conspiracy claim of violation of constitutional rights.  *See* McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc) (quoted in Grider v. City of Auburn, 618 F.3d 1240, 1261 (11th Cir. 2010)); Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010); Claudio v. Crews, No. 5:13cv345-MP/EMT, 2014 WL 1758106, at *6 (N.D. Fla. May 1, 2014).

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendant Fead, ECF No. 45, be **GRANTED in part** and **DENIED in part** as follows:  All claims other than the Eighth Amendment claim brought against Defendant Fead in his individual capacity only should be **DISMISSED**.  It is also **RECOMMENDED** that Defendant Fead be required to file an answer to Plaintiff's amended complaint, ECF No. 30, within fourteen (14) days of the date an Order is entered adopting this Report and Recommendation and that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2020.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any**

particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.