IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DARIUS BURLINSON,**

    **Plaintiff,**

v.                                            Case No. 4:18cv595-MW/MAF

**C.O. FRANCIS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, proceeding pro se and in forma pauperis, filed an amended civil rights complaint against five Defendants. ECF No. 30. Service was ordered and carried out, and Defendants Stalnaker and Simmons have each filed a partial motion to dismiss the amended complaint. ECF Nos. 63, 72. Plaintiff filed timely responses. ECF Nos. 77,76.

**The Amended Complaint, ECF No. 30**

In his amended complaint, Plaintiff sues five prison officials from Jefferson Correctional Institution: Sergeant Francis, Sergeant Stalnaker, Officer Morgan, Sergeant Fead, and Officer Simmons. ECF No. 30 at 2. Claims against Defendants Francis and Morgan were dismissed with prejudice for failure to state a claim upon which relief may be granted. ECF

No. 55. All claims other than an Eighth Amendment claim against Defendant Fead in his individual capacity were dismissed. ECF No. 56.

Plaintiff contends generally that the Defendants forced him to be housed with an inmate with whom he had a prior altercation even though Plaintiff was in protective custody status. ECF No. 30 at 5. More specifically, Plaintiff alleges that on December 5, 2017, Defendants Francis and Morgan came to his cell 2213 and attempted to move him to cell 1201, which housed the same inmate with whom he had the prior altercation. *Id.* Plaintiff alleges that he was taken to the other cell by Francis and Morgan but refused to enter, citing the prior altercation. Plaintiff appears to allege that the other inmate also objected to having Plaintiff in that cell.[1] *Id.* Plaintiff alleges Defendants Francis and Morgan threatened disciplinary action but did not force him into the cell, instead escorting him back to his cell 2213. They then left the wing. *Id.*

Plaintiff alleges that a few minutes later, Defendant Fead, confinement supervisor, came to the wing and ordered Plaintiff to enter cell 1201 where the other inmate was located. Plaintiff alleges that when he

---

[1] Plaintiff states that the other inmate said, "he didn't not want a protective custody inmate in his cell." ECF No. 30 at 5. Despite the double negative format, the statement seems to suggest the other inmate objected to Plaintiff being placed in his cell.

Case No. 4:18cv595-MW/MAF

again refused, Defendants Stalnaker and Simmons placed him in hand restraints and, fearing disciplinary actions, Plaintiff entered cell 1201 which housed the other inmate. *Id.* at 6.

Plaintiff alleges that when he entered the cell, he was immediately attacked by the other inmate with repeated punching, choking, and banging Plaintiff's head against the concrete floor. *Id.* Plaintiff contends that the Defendants who placed him in the cell failed to put the other inmate in hand restraints prior to opening the door, as is required by prison regulations, and that due to this violation, the inmate was able to attack him. *Id.* Plaintiff alleges that chemical agents were applied, although he does not specify by whom, and that he crawled from the cell. *Id.* at 7. He alleges the beating caused him to have a lacerated lip that needed stiches, swollen nose, bruised eye, and lacerations to his throat and collarbone. *Id.* at 6. He alleges that because the handcuffs on him were not locked, they closed too tightly and caused him nerve damage in his wrist. *Id.*

Plaintiff alleges, without specific identification, that "the Defendants" refused to photograph his injuries as required by regulations, and that he had to place sick calls for ongoing symptoms and "physiological" emergencies. *Id.* at 6-7. He contends he has suffered nightmares, sleeplessness, and depression and has been prescribed medication for

these conditions. *Id.* at 7. He alleges he filed an informal grievance that was approved by the warden.[2] *Id.*

Based on these facts, Plaintiff alleges an Eighth Amendment violation due to the actions and deliberate indifference by Defendants Stalnaker and Simmons. *Id.* at 8. He also alleges a violation of Due Process by Defendants Stalnaker and Simmons. *Id.* He requests a declaration that his Eighth Amendment right was violated by Defendants' deliberate indifference; compensatory damages for physical and emotional injuries; and punitive damages from each Defendant. *Id.* at 9. He sues each Defendant in both their individual and official capacities. *Id.* at 1.

**Partial Motions to Dismiss**

Defendants Stalnaker and Simmons each move to partially dismiss the amended complaint on several grounds. They first contend that each Defendant is entitled to Eleventh Amendment immunity to the extent each is sued in an official capacity for damages. ECF No. 63 at 2; No. 72 at 2.

Defendants next move to dismiss Plaintiff's claims alleging a violation of the Fourteenth Amendment. ECF No. 63 at 3; No. 72 at 3. Defendants contend that if a constitutional claim is covered by a specific constitutional

---

[2] The grievance and response are not described in the amended complaint and the documents are not included in the amended complaint. Defendants Stalnaker and Simmons do not allege failure to exhaust administrative remedies.

Case No. 4:18cv595-MW/MAF

amendment, such as the Eighth Amendment, the claim would proceed under that specific amendment and the law appertaining thereto. Defendants further argue that no Due Process claim can proceed without facts showing atypical or significant hardships, and that a prisoner has no Due Process or liberty interest in a specific classification or cell placement. ECF No. 63 at 4; No. 72 at 4.

Defendants finally contend that the complaint fails to state a constitutional violation based on failure to adhere to provisions of the Florida Administrative Code because failure to follow procedures does not by itself rise to the level of a constitutional violation. Defendants argue that the procedural requirements set out in regulations are not themselves constitutional mandates. ECF No. 63 at 5; No. 72 at 5.

**Plaintiff's Response to Partial Motions to Dismiss**

Plaintiff responds to the partial motions to dismiss and alleges that Defendants Stalnaker and Simmons are not entitled to immunity because each "maliciously acted under color of state law in asserting his Authority" to force Plaintiff into a situation where he would ultimately be harmed. He responds that each Defendant failed to act within the scope of their discretionary authority by not following protocol or policies. ECF Nos. 76 at

2; 77 at 2.  He also states: "In any event, Plaintiff is suing Defendant in his individual as well as official capacity."  *Id.* at 2.

Plaintiff further responds that his claim of violation of the Fourteenth Amendment is based on a claim that he had a constitutional right to be held in a specific security classification until the previous threat on his life was investigated; thus, he suffered a violation of due process when he was required to enter a cell occupied by an inmate with a different status and without consent.  *Id.* at 4-6.

Plaintiff further contends in his response that violations of the Florida Administrative Code, although not rising to the level of deliberate indifference, are alleged to show a pattern of negligence so gross that it evolves into deliberate indifference.  *Id.* at 4.  He cites alleged violation of regulations requiring officers to conduct an interview or an investigation to determine if a threat existed, *id.* at 6; forcing Plaintiff into the cell; and failing to handcuff the inmate in the cell, *id.* at 7.

**Applicable Legal Standards**

In determining if a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted the Court must determine if the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

556 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41 (1957)).  A complaint's well-pleaded facts must be accepted as true when ruling on a motion to dismiss, Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 550 U.S. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility standard" is not the same as a "probability requirement," but "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534

U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests. *See* <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003). "Even under the so-called notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for '[i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.' " <u>Fullman v. Graddick</u>, 739 F.2d 553, 556 (11th Cir. 1984) (citing 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13 at 8-118 (2d ed. 1984) (citations omitted)). The Court will dismiss a case for failure to state a claim if the complaint on its face fails to put forth sufficient factual matter and legal basis for the court to draw a reasonable

Case No. 4:18cv595-MW/MAF

inference that the defendant is liable.  Taylor v. Randolph, 594 F. App'x 578, 580 (11th Cir. 2014) (unpublished) (citing Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010)).

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)) (alterations and quotations omitted).  "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Farmer, 511 U.S. at 833 (citation omitted).  However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834; *see also* Purcell v. Toombs Cnty., 400 F.3d 1313, 1321 (11th Cir. 2005) ("[A] prison custodian is not the guarantor of a prisoner's safety." (quotation omitted)).

**Analysis**

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr

v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." *Id.*; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

There are three exceptions to Eleventh Amendment immunity. The first two exceptions are through waivers of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986). Waiver by either the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 635 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996). Congress did not abrogate a state's immunity when it enacted § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974); Odebrecht Const., Inc., 715 F.3d at 1289. Nor has Florida waived its immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

A third exception is found under Ex parte Young, 209 U.S. 123 (1908). The Ex parte Young exception holds that a state official who enforces state law which conflicts with the superior authority of the federal Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Id.* at 159-60. *See also* Virginia Office for Protection and Advocacy v. Stewart, 563 U.S. 247, 254 (2011). Determining whether this exception applies requires determining "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 255 (citations omitted).

Neither Congress nor the State of Florida has waived sovereign immunity for monetary damages in a § 1983 action under the circumstances presented here. Plaintiff does not allege an ongoing violation of federal law or seek prospective relief. Accordingly, the three exceptions to Eleventh Amendment immunity do not apply and the claims for monetary damages against Defendants Stalnaker and Simmons in their official capacities should be dismissed pursuant to Eleventh Amendment immunity.

To the extent that Plaintiff attempts to make a separate claim against Defendants Stalnaker and Simmons under the Fourteenth Amendment,

that claim should be dismissed. The Supreme Court has explained: "With only a handful of exceptions, this Court has held that the Fourteenth Amendment's Due Process Clause incorporates the protections contained in the Bill of Rights, rendering them applicable to the States." <u>Timbs v. Indiana</u>, 139 S. Ct. 682, 687 (2019) (internal quotation marks and citation omitted). The Fourteenth Amendment therefore makes the Eighth Amendment applicable to the states. Thus, a freestanding Fourteenth Amendment claim adds nothing to Plaintiff's Eighth Amendment claim of deliberate indifference and dismissing the Fourteenth Amendment claim does not detract from the surviving claim. Dismissal of the Fourteenth Amendment claim does not detract from any duty-to-protect claim or deliberate indifference claim brought under the Eighth Amendment. Further, no facts have been alleged showing Plaintiff was deprived of life, liberty, or property without due process and no facts have been alleged showing a violation of equal protection. For all these reasons, Plaintiff's claims against Defendants Stalnaker and Simmons based specifically on the Fourteenth Amendment should be dismissed.

      To the extent that Plaintiff bases his due process claim or Eighth Amendment claim on the failure to comply with the Florida Administrative Code, that claim has no legal basis. Failure to follow procedures does not,

alone, rise to the level of deliberate indifference.  Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").  *See also* Bowen v. Warden, Baldwin State Prison, 826 F.3d 1313, 1323 n.27 (11th Cir. 2016); Goodman v. Kimbrough, 718 F.3d 1325, 1332-34 (11th Cir. 2013).  Thus, as Plaintiff recognizes in his responses, failure to follow rules, including those pertaining to handcuffing inmates or housing protective custody inmates, does not give rise to a separate constitutional claim under 42 U.S.C. § 1983.  Because Plaintiff fails to state a cognizable claim for a constitutional violation based on the failure to follow administrative procedures, that claim should also be dismissed.

Defendants Stalnaker and Simmons have not sought to dismiss Plaintiff's Eighth Amendment claims against them.  Accordingly, those Eighth Amendment claims should proceed.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the partial motions to dismiss filed by Defendant Stalnaker, ECF No. 63, and Defendant Simmons, ECF No. 72, be **GRANTED** and all claims other than the Eighth Amendment claim brought against Defendants Stalnaker and

Simmons in their individual capacities should be **DISMISSED**. Defendants should be required to file answers to Plaintiff's amended complaint, ECF No. 30, within fourteen (14) days of the date of an order adopting this Report and Recommendation. It is further **RECOMMENDED** that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2020.

<u>S/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**